JUDGE CROTTY

14 CV 3152

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

SANDRA SATINA,

Plaintiff,

**NOTICE OF REMOVAL**

v.

Case No. 14 Civ._____

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION,

Defendant

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

RECEIVED
MAY - 2 2014
U.S.D.C. S.D. N.Y.
CASHIERS

**TO:    THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

Defendant New York City Human Resources Administration ("HRA")

respectfully shows this Court as follows:

1.      On April 14, 2014, HRA received a Summons and Verified Complaint in

the above-captioned action, filed in the Supreme Court of the State of New York, Bronx County,

under Index Number 301147/2014, naming HRA as the sole defendant therein.  A copy of

plaintiff's Summons and Verified Complaint is annexed hereto as Exhibit "A."

2.      The above-captioned action is a civil action of which the District Court

has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises

under the laws and Constitution of the United States.  This action is therefore removable to the

District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C.

§§ 1441(b) and 1443.

3.      Plaintiff brings this lawsuit alleging, *inter alia*, that defendant's acts

constituted a violation of Title VII of the Civil Rights Act of 1964.  See Exhibit "A".

4.    Plaintiff also alleges causes of action under state law.  Namely, plaintiff alleges that defendant violated the New York State Human Rights Law and the New York City Human Rights Law.

5.    This Notice of Removal is timely because it is being filed within thirty (30) days of service of the initial summons with notice.  See 28 U.S.C. § 1446(b).

6.    Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
            May 2, 2014

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-316
                              New York, New York  10007
                              (212) 356-2479
                              btracy@law.nyc.gov

                    By:       _____
                              Benjamin F. Tracy
                              Assistant Corporation Counsel

TO:     **DANIEL A. EIGERMAN**
        Attorney For Plaintiff
        260 Madison Avenue, 16th Floor
        New York, NY 10016
        (347) 712-1844
        eigercases@gmail.com

# EXHIBIT A

FILED  Mar 03 2014 Bronx County Clerk                    Index Number: 301147-2014

SUPREME COURT, STATE OF NEW YORK
BRONX COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA SATINA,
                                                **SUMMONS**
                    Plaintiff

        -against-                               Index Number:

NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION,

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To the above-named defendant:

        You are hereby summoned and required to serve upon Plaintiff's
attorney an answer o the complaint in this action within 20 days after service
of this summons, exclusive of the day of service, or within 30 days after
service is complete if this summons is not personally delivered to you within
the State of New York. In case of your failure to answer, judgment will be
taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is the residence of the plaintiff in
Bronx County.

Dated: New York, New York
        February 27, 2014

                                _Daniel A. Eigerman_
                                Daniel A. Eigerman
                                Attorney for Plaintiff
                                260 Madison Avenue
                                16th Floor
                                New York, New York 10016
                                (347) 712-1844
                                eigercases@gmail.com

FILED  Mar 03 2014 Bronx County Clerk

SUPREME COURT, STATE OF NEW YORK
BRONX COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA SATINA,                                **VERIFIED**
                                             **COMPLAINT**
                    Plaintiff

         -against-                           Index Number:

NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION,

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Preliminary Statement

   1. Plaintiff Sandra Satina brings this action for employment

discrimination on the basis of her ethnicity, race, national origin, and gender.

She has been, and is being, subjected to discrimination in the terms and

conditions of her employment, wages, retaliation, harassment, and hostile

work environment, all in violation of Title VII of the Civil Rights Act of

1964 as amended, 42 U.S.C. §§ 2000e-5 et seq., the New York State Human

Rights Law, N.Y. Exec. L. §§ 296,and 297, and the New York City Charter,

N.Y.C. Admin. Code §§ 8-102, 8-107.

   2. A complaint setting forth plaintiff's charges of gender

discrimination in the terms and conditions of her employment and retaliation

was filed with the United States Equal Employment Opportunity

FILED  Mar 03 2014 Bronx County Clerk

Commission ("EEOC") on October 2, 2012. On or about December 5, 2013, the plaintiff received a notice of right to sue from the EEOC date stamped December 2, 2013 and postmarked December 3, 2013. Copies of the notice and envelope are attached as a combined Exhibit A.

3. The EEOC's notice of right to sue stated that the EEOC was "unable to conclude that the information obtained established violations of the statutes" and specified that its closing of the file "does not certify that the respondent [NYC HRA] is in compliance with the statutes" and, further, that "no finding is made as to any other issue . . . raised by the charge." Exh. A.

### The Parties

4. Plaintiff Sandra Satina is a 52 -year-old woman of Hispanic ancestry residing at 1152 Ellsworth Avenue, Bronx, New York, a mother of two children, and a 28-year veteran of employment with the defendant.

5. Defendant New York City Human Resources Administration ("HRA") is an agency and instrumentality of the City of New York with a principal office at 250 Church Street, New York, New York.

### First Cause of Action

6. Plaintiff Satina began with defendant HRA on October 20, 1986, in its Investigation and Revenue Enforcement Administration, the unit charged with investigating, proving, and recovering welfare fraud perpetrated against

FILED  Mar 03 2014 Bronx County Clerk

the HRA. Defendant HRA annually rated her job performance "meets requirements," "greatly exceeds requirements," or "excellent."

7. Beginning as a welfare fraud investigator, plaintiff was promoted in 1994 to the supervisory rank of Associate Fraud Investigator Level II.

8. In 2000 the defendant advanced plaintiff to the rank of Administrative Investigator Level I and, then, in 2005, to Administrative Investigator Level II with the in-house status of Deputy Director.

9. The sequence of promotions was earned by the plaintiff's outstanding work performance. When plaintiff reached the managerial level, she received performance evaluations of "Fully Meets Expectations" for 2005, "Greatly Exceeds Requirements" for 2006, and "Exceptional" for 2007.

10. In 2008, however, the plaintiff learned that notwithstanding her achievements and the recognition she received, defendant NYCHRA was paying higher salaries to male employees in the unit who were her equals, and even her subordinates, than to the plaintiff.

11. The beginning date of defendant's discrimination against the plaintiff remains for the discovery powers and procedures of this Court to reveal; plaintiff first caught office rumors of it 2008.

FILED  Mar 03 2014 Bronx County Clerk

12. This male-female differential was not created according to any regulation or for any purpose supporting the unit's function. Plaintiff learned of it from office rumors that she verified by personal confrontation and checking on the Internet.

13. Among the male members of her unit who received the higher salaries, one was a man who held the same rank, that is, manager, with responsibilities equivalent to hers.

14. Two of the men who received higher salaries were, and remained at the time of her EEOC filing, the plaintiff's subordinates, working under supervision and direction. In 2012 the salary of one of these two subordinates exceeded plaintiff Satina's salary by approximately $ 20,000. She was at the time his supervisor and stood in that relationship from late 2010 until November 2012. The others were given approximately $ 2,000 more than the plaintiff. These individuals got increases without their supervisor, the plaintiff, being notified.

15. In 2012 plaintiff Sandra Satina recouped $ 2,000,00 for the HRA.

16. There is no basis for this salary differential in the functions of the unit, of the HRA overall, or in the plaintiff's performance or that of her male equals or subordinates. The sole reason, on information and belief is gender discrimination in favor or men and against women.

FILED  Mar 03 2014 Bronx County Clerk

17. On November 5, 2012 the plaintiff was demoted from Deputy Director to Associate Fraud Investigator.

18. The plaintiff was and is being subjected to this treatment simply because she is a woman. Defendant HRA's unlawful discrimination victimizes the plaintiff and, through her, her family and children — and the community that depends on the effectiveness of the HRA.

### Second Cause of Action

19. Plaintiff repeats paragraphs 1 through 18.

20. When the plaintiff, in search of an explanation, brought up the salary discrimination with her superiors, HRA suddenly retaliated. In 2008, after 22 annual performance evaluations, it labeled her for the first time as "needs improvement". There had been no forewarning, no criticism of her work.

21. After 2008, the HRA for two years gave no performance evaluation at all until 2011. On information and belief this inexplicable and potentially dangerous hiatus violates HRA's own regulations.

22. At this time, at the end of February 2014, plaintiff is the only individual in the unit who has not received the 2013 evaluation.

23. In June 2012 plaintiff Satina brought the on-going discrimination to the attention of the new Deputy Commissioner Sheehan.

FILED  Mar 03 2014 Bronx County Clerk

*September*

24. In ~~that month~~ the Deputy Commissioner orally told plaintiff that she would be demoted.

25. On October 2, 2012, as set forth above, the plaintiff filed her employment discrimination charge. A month and three days later, on November 5, 2012, the defendant demoted her from Deputy Director to Associate Fraud Investigator.

26. There had been no deterioration of the plaintiff's service in the managerial position that she had held for seven years.

27. Retaliation has continued and worsened. Defendant has in the last year subjected plaintiff to repeated humiliations and relentless hostility with the patent intent of forcing her resignation.

28. Throughout her life plaintiff Sandra Satina had been a notably healthy individual; she has virtually no medical history.

29. But the abuse systematically meted out by the HRA since the EEOC investigation has severely impacted Mrs. Satina, physically as well as emotionally.

30. Plaintiff was treated in the emergency room of Downtown New York Hospital twice during 2013 for stress-related conjunctivitis. On the first occasion, she had to remain out of work, on the physician's instruction, for over a week. She suffers continuing chest pain and is under the care of a

cardiologist, whom she has visited monthly since the discriminatory

demotion.

31. Plaintiff has been forced into negotiation with her insurance

carrier regarding the medically mandated stress tests.

32. No less than the underlying gender discrimination, the retaliation

violates the Federal, State, and City employment discrimination law.


WHEREFORE Plaintiff demands judgment:

1. awarding plaintiff against the defendant compensatory damages in
the amount of the differentials between the salary paid her and the salaries
paid the male employees and officers of her unit from October 1, 2005 until
the day on which judgment is issued in this action with interest thereon at
the statutory rate of nine percent;

2. awarding plaintiff against the defendant compensatory damages for
the emotional distress, mental anguish, and physical disabilities the plaintiff
has suffered as a result of the discriminatory action of the defendant in an
amount to be determined at the trial but in no event less than $ 50,000; and

3. the costs and disbursements necessarily incurred by the plaintiff to
bring and maintain this action, including, without limitation, her reasonable
actual attorney's fees; together with

4 such other and further relief as the Court deems just.

New York, New York
February 24, 2014

*Daniel A. Eigerman*

Daniel A. Eigerman
Attorney for the Plaintiff
260 Madison Avenue
16th Floor
New York, New York 10016
347/ 712-1844
eigercases@gmail.com

FILED  Mar 03 2014 Bronx County Clerk

# VERIFICATION

STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF BRONX

SANDRA SATINA, being duly sworn, states that she is the plaintiff in this
action and that the foregoing complaint is true to her own knowledge except
as to matters stated to be alleged on information and belief, and as to those
matters she believes it to be true.

SANDRA SATINA

Sworn to before me this
3rd day of March 2014

JEFFREY MARCUS
NOTARY PUBLIC STATE OF NEW YORK
NO. 02MA2524115
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES  8/31/17

FILED  Mar 03 2014 Bronx County Clerk



FILED  Mar 03 2014 Bronx County Clerk

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Sandra Satina**
**1152 Ellsworth Avenue**
**Bronx, NY 10465**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | |
|---|---|
| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-00984 | **Patrick Sanford, Federal Investigator** | **(212) 336-3677** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_

**DEC 0 2 2013**

Enclosures(s)

Kevin J. Berry,
**District Director**

(Date Mailed)

cc:

**Respondent:**
NYC Human Resources Administration
Office of Legal Affairs – Employment Law Div.
Attn: Hilit Tolani, Senior Attorney
180 Water Street
New York, NY 10038

**Charging Party's Attorney:**
Daniel A. Eigerman, Esq.
260 Madison Avenue – 16th Floor
New York, NY 10016

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004
**Attn: Patrick Sanford** _____

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE,  $300



**Daniel A. Eigerman, Esq.**
**260 Madison Avenue - 16th Floor**
**New York, NY 10016**

1001682401  C036

FILED Mar 03 2014 Bronx County Clerk

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

**Attn: Patrick Sanford** _____

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 000.46⁰
0000806097   DEC 03 2013
MAILED FROM ZIP CODE 10004

**Daniel A. Eigerman, Esq.**
**260 Madison Avenue - 16ᵗʰ Floor**
**New York, NY 10016**

10016$2401  C036

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

**Attn: Patrick Sanford** ————————

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



**Daniel A. Eigerman, Esq.**
**260 Madison Avenue - 16th Floor**
**New York, NY 10016**

1001632401  C036

FILED  Mar 03 2014 Bronx County Clerk




FILED Mar 03 2014 Bronx County Clerk

FORM W4
REV. 12/88

THE CITY OF NEW YORK
HUMAN RESOURCES ADMINISTRATION

## MEMORANDUM

DATE: August 14, 2012

TO: Sandra Satina

FROM: Zivko Pulisic

SUBJECT: Request for Salary Adjustment

Your request for a salary adjustment has been denied.

You were not eligible for the salary increase given to the managers at the time, since the increase was based on the managers' job performance during the review period. Given that you were on leave during that period, and also not on salary,

FILED  Mar 03 2014 Bronx County Clerk

SUPREME COURT, STATE OF NEW YORK
BRONX COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA SATINA,

                    Plaintiff

        -against-                                Index Number:

NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION,

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## VERIFIED COMPLAINT

DANIEL A. EIGERMAN
Attorney at Law
260 Madison Avenue
16th Floor
New York, New York 10016
(347) 712-1844
eigercases@gmail.com

## CERTIFICATE OF SERVICE

I, Benjamin F. Tracy, hereby certify that a copy of the attached Notice of Removal was served on the parties listed below by mail on May 2, 2014.

**DANIEL A. EIGERMAN**
Attorney For Plaintiff
260 Madison Avenue, 16th Floor
New York, NY 10016
(347) 712-1844
eigercases@gmail.com


Dated:      New York, New York
            May 2, 2014

_____
Benjamin F. Tracy

Docket No. 14 Civ. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA SATINA,

Plaintiff,

v.

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION,

Defendant

## NOTICE OF REMOVAL

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Rm. 2-316*
*New York, N.Y. 10007*

*Of Counsel: Benjamin F. Tracy*
*Tel: (212) 356-2479*
*Matter No. 2014-014539*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2014*

*.................................................................... Esq.*

*Attorney for ..................................................*