UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SANDRA SATINA,

                                          Plaintiff,

-against-

NEW YORK CITY HUMAN RESOURCES ADMINISTRATION,

                                          Defendant.

**ANSWER TO AMENDED COMPLAINT**

14 Civ. 3152 (PAC)

------------------------------------------------------------------------ x

Defendant by its attorney, ZACHARY W. CARTER, Corporation Counsel of the City of New York, as and for its answer to the amended complaint, dated August 13, 2014 (the "Amended Complaint"), respectfully alleges as follows[1]:

1. Denies the allegations set forth in paragraph "1," of the Amended Complaint, except admits that plaintiff purports to proceed as set forth in this paragraph.

2. Denies the allegations set forth in paragraph "2," of the Amended Complaint, except admits that a right to sue letter, dated December 2, 2013, was issued.

3. Denies the allegations set forth in paragraph "3," of the Amended Complaint, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

4. Denies the allegations set forth in paragraph "4," of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth in this paragraph.

---

[1] The Amended Complaint, which defendant answers here, was never filed with the Court. It is annexed hereto as Exhibit "A."

5. Denies the allegations set forth in paragraph "5," of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth in this paragraph.

6. Denies the allegations set forth in paragraph "6," of the Amended Complaint, except admits that plaintiff has been employed at the Human Resources Administration ("HRA").

7. Denies the allegations set forth in the <u>second</u> paragraph "5," of the Amended Complaint, except admits that plaintiff commenced employment at HRA on October 20, 1986.

8. Denies the allegations set forth in paragraph "7," of the Amended Complaint, except admits that plaintiff was hired by defendant on or about October 20, 1986.

9. Denies the allegations set forth in paragraph "8," of the Amended Complaint, except admits that plaintiff began working in the title of Associate Fraud Investigator, Level II, in 1994.

10. Denies the allegations set forth in paragraph "9," of the Amended Complaint, except admits that plaintiff began working in the title of Administrative Investigator, Level I, in 2000 and Administrative Investigator, Level II, in 2005.

11. Denies the allegations set forth in paragraph "10," of the Amended Complaint, except admits that an employee serving as a Deputy Director for HRA is responsible for supervising employees.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11," of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12," of the Amended Complaint.

14. Denies the allegations set forth in paragraph "13," of the Amended Complaint, except admits that plaintiff commenced employment at HRA in 1986.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14," of the Amended Complaint.

16. Denies the allegations set forth in paragraph "15," of the Amended Complaint.

17. Denies the allegations set forth in paragraph "16," of the Amended Complaint, except respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17," of the Amended Complaint, except admits that George Davis is an employee at HRA and he served in the Prescription Unit at HRA.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18," of the Amended Complaint, except admits that George Davis is an employee at HRA.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19," of the Amended Complaint, except admits that Philip Schaffroth is an employee at HRA and that he served in the Prescription Unit at HRA.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20," of the Amended Complaint, except admits that Director Tajeda is employed at HRA and was plaintiff's supervisor at HRA.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21," of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22," of the Amended Complaint, except admit that plaintiff has submitted at least one request for a salary adjustment.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23," of the Amended Complaint, except admit that plaintiff was provided with a memorandum, dated August 14, 2012, which responded to her salary adjustment inquiry.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24," of the Amended Complaint, except admits that Charles Monsanto and Frank Pita are employed at HRA.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25," of the Amended Complaint, except admits that Mssrs. Davis, Shaffroth, Monsanto and Pita are employed at HRA.

27. Denies the allegations set forth in paragraph "26," of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27," of the Amended Complaint, except admit that plaintiff has submitted at least one request for a salary adjustment.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28," of the Amended Complaint.

30. Denies the allegations set forth in paragraph "29," of the Amended Complaint, except admit that Zivko Pulisic is employed at HRA and serves in the position of Director and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

31. Denies the allegations set forth in paragraph "30," of the Amended Complaint, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

32. Denies the allegations set forth in paragraph "31," of the Amended Complaint.

33. Denies the allegations set forth in paragraph "32," of the Amended Complaint.

34. Denies the allegations set forth in paragraph "33," of the Amended Complaint.

35. Denies the allegations set forth in paragraph "34," of the Amended Complaint.

36. Defendant repeats and realleges the responses to paragraphs "1," through "34," of the Amended Complaint as if fully set forth here.

37. Denies the allegations set forth in paragraph "36," of the Amended Complaint.

38. Denies the allegations set forth in paragraph "37," of the Amended Complaint.

39. Denies the allegations set forth in in paragraph "38," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations concerning plaintiff's physical receipt of performance evaluations in 2009 or 2010.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39," of the Amended Complaint.

41. Denies the allegations set forth in paragraph "40," of the Amended Complaint, except admits that Deputy Commissioner Sheehan was employed at HRA.

42. Denies the allegations set forth in paragraph "41," of the Amended Complaint, except admits that Deputy Commissioner Sheehan was employed at HRA.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42," of the Amended Complaint, except admits that plaintiff became an Associate Fraud Investigator in November 2012.

44. Denies the allegations set forth in paragraph "43," of the Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44," of the Amended Complaint.

46. Denies the allegations set forth in paragraph "45," of the Amended Complaint.

47. Denies the allegations set forth in paragraph "46," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's conversations.

48. Denies the allegations set forth in paragraph "47," of the Amended Complaint, except admits that plaintiff was scheduled for budget ("SNAP") training in 2013.

49. Denies the allegations set forth in paragraph "48," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the operation of plaintiff's telephone.

50. Denies the allegations set forth in paragraph "49," of the Amended Complaint.

51. Denies the allegations set forth in paragraph "50," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical history or condition.

52. Denies the allegations set forth in paragraph "51," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical history or condition.

53. Denies the allegations set forth in paragraph "52," of the Amended Complaint.

54. Denies the allegations set forth in paragraph "53," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical history or condition.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54," of the Amended Complaint.

56. Denies the allegations set forth in paragraph "55," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical history or condition or her accrued sick leave.

57. Denies the allegations set forth in paragraph "56," of the Amended Complaint.

58. Denies the allegations set forth in paragraph "57," of the Amended Complaint.

59. Paragraph "58," of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies the allegations set forth in this paragraph.

60. Paragraph "59," of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies the allegations set forth in this paragraph

61. Denies the allegations set forth in paragraph "60," of the Amended Complaint.

62. Denies the allegations set forth in the "Wherefore," clause of the Amended Complaint.

**FOR A FIRST DEFENSE:**

63. The Amended Complaint fails to state a claim upon which relief may be granted.

**FOR A SECOND DEFENSE:**

64. The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOR A THIRD DEFENSE:**

65. Defendant has at all times acted in good faith, and without malice. At all times relevant to this action, defendant has acted in good faith and based upon a reasonable belief that their acts or omissions were not in violation of the Constitution or laws, of the United States, the Constitution or laws of the State of New York, the Charter or laws of the City of New

York or any applicable rule or regulations including, but not limited to, Title VII, or the New York State or City Human Rights Laws.

**FOR A FOURTH DEFENSE:**

66. Defendant had legitimate business reasons for taking any of the alleged acts complained of by plaintiff.

**FOR A FIFTH DEFENSE:**

67. The Amended Complaint is barred, in whole or in part, by the failure to plead and perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**FOR A SIXTH DEFENSE:**

68. Defendant is shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

**FOR A SEVENTH DEFENSE**

69. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**FOR AN EIGHTH DEFENSE:**

70. The damage claims contained in the Amended Complaint are barred, in whole or in part, by the failure to mitigate damages.

**FOR A NINTH DEFENSE:**

71. An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**WHEREFORE**, defendant respectfully requests that the Amended Complaint be dismissed and that the relief sought in this Amended Complaint be denied in all respects, that , that judgment be entered for defendant, and that defendant be awards costs, expenses, and fees together with such and further relief as the Court deems just and proper.

Dated:	New York, New York
	February 3, 2015

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-318
New York, New York 10007-2601
(212) 356-2629
dleon@law.nyc.gov

By:	    s/ Daryl Gregory Leon
	Daryl Gregory Leon
	Assistant Corporation Counsel

To:	**DANIEL ABRAM EIGERMAN**
	*Attorney for Plaintiff*
	16th Floor
	260 Madison Avenue
	New York, New York 10016
	(By ECF and First Class Mail)