```
                                                        USDC SDNY
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x DATE FILED: November 2, 2015
SANDRA SATINA,                                  :
                                                :
                        Plaintiff,              :       14 Civ. 3152 (PAC)
                                                :
        - against -                             :       OPINION AND ORDER
                                                :
NEW YORK CITY HUMAN RESOURCES                   :
ADMINISTRATION,                                 :
                                                :
                        Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Sandra Satina sues Defendant New York City Human Resources Administration ("the City") alleging discrimination on the basis of her ethnicity, race, national origin, and gender in violation of Title VII, state, and local law. The City moves to disqualify Satina's counsel, Samuel Okwudili Maduegbuna. (Dkt. 45.) The Court denies the motion.

I.  **Background**

Satina is a Hispanic woman who worked as an Associate Fraud Investigator in the Human Resources Administration. (Dkt. 48, Exh. 2.) She alleges that after she complained that her pay was less than male employees, Executive Deputy Commissioner James Sheehan and other managers retaliated against her by demoting her, reducing her pay, and subjecting her to a hostile work environment. (*Id.*) She also alleges she was demoted due to her race and complaints. (*Id.*)

In an earlier action, Maduegbuna represented another plaintiff, Alida Mattos, in a similar discrimination suit against the City. (Dkt. 48, ¶ 7.) That suit settled prior to discovery. (*Id.* at ¶ 9.) Mattos was Satina's direct supervisor, and Mattos reviewed and signed several performance evaluations of Satina. (Dkt. 46, Exh. B, F.) Maduegbuna has declared that he is not aware of any

1

privileged information that he gained during his representation of Mattos that would be relevant in this litigation. (Dkt. 48, ¶ 16.)

## II.     Legal Standard

While district courts have broad discretion to disqualify attorneys, motions to disqualify are disfavored because they impinge on a party's right to employ counsel of choice. *See A.I. Credit Corp. v. Providence Washington Ins. Co.,* 96 Civ. 7955(AGS)(AJP), 1997 WL 231127, at *1 (S.D.N.Y. May 7, 1997); *see also Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005).

The Second Circuit has recognized that both concurrent and successive representation may require an attorney's disqualification to prevent the attorney from "us[ing] a client's privileged information against that client." *Hempstead Video,* 409 F.3d at 133. In the case of successive representation, the Court may disqualify an attorney where:

> (1) the moving party is a former client of the adverse party's counsel;
>
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Id.*

## III.    Analysis

It is obvious the City cannot meet the threshold requirement; it is not a former client of Maduegbuna. Instead, the City attempts to raise disqualification on behalf of Mattos, whose involvement the City describes as "tantamount to that of a defendant." (Dkt. 47 at 2, 11.) The City argues that Mattos's and Satina's interests are "materially adverse" because Satina's case "relies on attacking the accuracy and legality of Mattos's actions in supervising plaintiff and giving plaintiff negative performance evaluations." (*Id.* at 11–12.) But that is simply not so.

2

The City cites *Skidmore v. Warburg Dillion Read LLC*, No. 99-cv-10525(NRB), 2001 WL 504876 (S.D.N.Y. May 11, 2001), for the proposition that parties can raise disqualification on behalf of nonparties. (Dkt. 47 at 8.) But no Second Circuit case has ever approved of such third-party disqualification motions. *See United States v. Rogers*, 9 F.3d 1025, 1031 (2d Cir. 1993) ("No case has been called to our attention, and we are aware of none, in which an attorney has been disqualified on grounds of conflicting prior representation solely at the behest of a person other than the former client or its privy . . . . '[A]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'") (quoting *United States v. Cunningham*, 672 F.2d 1064, 1072 (2d Cir. 1982)). And *Hempstead Video*—which explicitly limits disqualification to cases where "the moving party is a former client of the adverse party's counsel," 409 F.3d at 133—has superseded *Skidmore*. Since the City is not Maduegbuna's former client, it cannot move for disqualification.

Even if the City could move for Maduegbuna's disqualification on the basis of his previous representation of Mattos, the City's motion would still fail. Mattos is not "tantamount to . . . a defendant." Mattos and Satina both claim the City discriminated against them. The mere fact that Mattos supervised Satina during the period they both allegedly suffered discrimination does not render their interests materially adverse. Indeed, it seems likely that Mattos would testify in Satina's favor. But even if Maduegbuna were to impeach Mattos or otherwise argue that Mattos was complicit in the City's employment discrimination against Satina (an unlikely scenario given that both Mattos and Satina allege they were discriminated against for being Hispanic women), that alone would not render Maduegbuna's representation of Satina materially adverse to Mattos's interests. Such a scenario "may be embarrassing to [Mattos]; it may even be

unseemly to treat a former client as a hostile witness. [But] no tangible prejudice . . . would result . . . ." *Skidmore*, 2001 WL 504876, at *5.[1]

### IV. Conclusion

The Court DENIES the City's Motion to Disqualify Counsel. The Clerk is directed to terminate the motion at Dkt. 45. A premotion conference on Satina's request for leave to file a second amended complaint will go forward on November 10, 2015, at 11 AM in Courtroom 14C.

Dated: New York, New York
November 2, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[1] *Skidmore* is instructive, though not for the reasons asserted by the City. In *Skidmore*, two men, James Skidmore and Hiram Matthews, were fired from their jobs as corporate-bonds salesmen at UBS Securities. *Id.* at *1. Both Skidmore and Matthews hired the Law Offices of Neal Brickman to represent them (separately) in negotiating a severance package with UBS or, alternatively, filing an age-discrimination suit. *Id.* Both Skidmore and Matthews did sue (again, separately). *Id.* Matthews settled. *Id.* In his complaint, Skidmore alleged Matthews told him about discriminatory comments made by a UBS supervisor. *Id.* In deposition testimony, Matthews denied he had ever heard such comments or told Skidmore about them. *Id.* UBS moved to disqualify Brickman on the basis that the litigation would likely require him to cross-examine Matthews, his former client, to recant his testimony. *Id.* Although the district court permitted UBS to move to disqualify Brickman despite not being a former client, *id.* at *3, it denied the motion, *id.* at *5. First, the court noted that Brickman's representation of Skidmore could not disadvantage Matthews's case against UBS because Matthews had already settled. *Id.* at *4. Second, the court reasoned that Brickman's impeachment of Matthews, though perhaps embarrassing, did not render his representation of Skidmore "materially adverse" to Matthews's interests. *Id.* at *5.